UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00515-RJC-DCK

| | |
|---|---|
| BARBARA REDMAN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| AMERICAN AIRLINES, INC. and MARCOS SANTANA, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant American Airlines, Inc.'s and Defendant Marcos Santana's Motion for Judgment on the Pleadings. (Doc. No. 4). Because Redman fails to allege a duty owed, negligent conduct, or extreme and outrageous conduct by American Airlines or Santana, and because she fails to allege her own severe emotional distress, Defendants' Motion for Judgment on the Pleadings, (Doc. No. 4), is **GRANTED**.

I.  **BACKGROUND**

On August 1, 2021, Barbara Redman boarded an American Airlines flight in Charlotte, North Carolina and settled into seat 1A. Soon after Redman took her seat, Marcos Santana, the flight's lead attendant, advised Redman through the intercom that she would need to relocate from her seat to the back of the plane for "weight and balance" reasons. Redman moved while the other passengers watched. Embarrassed, Redman filed the instant action for negligent and intentional infliction of emotional distress against American Airlines and Santana, alleging that Santana's "intent …was to imply that [she] was fat" and that American Airlines was vicariously liable. (Doc. No. 1, at 2). American Airlines and Santana moved for judgment on the pleadings.

1

## II.   STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standard governs both motions for judgment on the pleadings and motions to dismiss brought under Rule 12(b)(6), *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013), testing the "legal sufficiency of the complaint" but "not resolv[ing] contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The complaint will survive if it contains enough facts "to state a claim to relief that is plausible on its face," or, stated differently, if the allegations allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under such standards, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A plausible claim requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and thus, specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 775 (1984)). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Twombly*, 550 U.S. at 555-56), but a court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Courts cannot weigh facts or determine credibility in ruling on motions for judgment on the pleadings, but neither must they credit "allegations that offer only 'naked assertions devoid

of further factual enhancement.'" *Lowe v. Johnson*, 797 F. App'x 791, 792 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). Instead, the court "should view the complaint in the light most favorable to the plaintiff" and draw reasonable inferences in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may grant a motion for judgment on the pleadings when no disputed facts remain and the moving party is entitled to judgment as a matter of law. *Deutsche Bank Nat'l Tr. Co. Tr. for IndyMac INDX Mortg. Loan Tr. 2006-AR12 v. Fegely*, 767 F. App'x 582, 583 (4th Cir. 2019).

In evaluating motions for judgment on the pleadings, the court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("[A]n exhibit to a pleading is part of the pleading for all purposes.").

### III. DISCUSSION

#### A. Redman's Negligent Infliction of Emotional Distress Claim Fails

To state a claim for negligent infliction of emotional distress ("NIED") under North Carolina law, a plaintiff must allege that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress …, and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Whether the plaintiff alleged the necessary elements is a matter of law. *See Horne v. Cumberland Cnty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 148, 746 S.E.2d 13, 19 (2013).

As a threshold requirement, the plaintiff must actually allege each element in her complaint. For example, to survive a motion to dismiss under the first element, a plaintiff must

3

allege that "defendant failed to exercise due care in the performance of some legal duty owed to the plaintiff under the circumstances." *Horne*, 228 N.C. App. at 148, 746 S.E.2d at 19 (brackets omitted). Thus, an NIED claim cannot stand without any allegation of "a duty owed by the defendant to the plaintiff." *Id.*

Redman notes that "every person owes a general duty of care to others," (Doc. No. 8, at 4), but Redman's legal primer on negligence misses one important point: Redman never alleged that American Airlines or Marcos Santana owed such a duty. Instead, Redman's NIED claim includes five paragraphs, of which three are factual, (¶¶ 5, 6, and 8), one alleges general negligence, (¶ 7), and one addresses causation and emotional damage. (¶ 9). In *Horne v. Cumberland County Hospital System*, the North Carolina Court of Appeals rejected a nearly identical NIED claim comprising seven paragraphs because "[n]owhere … in her complaint does plaintiff reference any duty owed to her by [defendant]," and the "failure to allege such a duty owed by the defendant to the plaintiff is fatal to an NIED claim." 228 N.C. App. at 149, 746 S.E.2d at 19; *see also Guthrie v. Conroy*, 152 N.C. App. 15, 25, 567 S.E.2d 403, 411 (2002) (affirming grant of summary judgment where "[P]laintiff alleges no duty that [defendant] owed plaintiff"). Thus, without any allegation of a duty owed, American Airlines and Santana are entitled to judgment as a matter of law.

Moreover, to state a claim for negligent infliction of emotional distress, Redman must allege that American Airlines and Santana negligently engaged in some conduct. *Horne*, 228 N.C. App. at 149, 746 S.E.2d at 19 ("Allegations of intentional conduct … even when construed liberally on a motion to dismiss, cannot satisfy the negligence element of an NIED claim."); *see also Mitchell v. Lydall, Inc.*, 16 F.3d 410 (4th Cir. 1994) (per curiam) (table) (affirming dismissal where "the material factual allegations charge nothing but intentional acts"). She fails to do so.

4

In lieu of allegations, Redman spars with American Airlines over the logic of such allegations – according to Redman, a plaintiff might allege that the same act was both intentional and negligent, because the import of those charges is whether the defendant intended to cause emotional distress, not whether the defendant acted intentionally. (Doc. No. 8, at 5).

Redman is incorrect. The nature of the act, rather than the defendant's intent in its effect, controls NIED claims under North Carolina law. *Horne*, 228 N.C. App. at 149, 746 S.E.2d at 19 (upholding NIED dismissal where employer intentionally terminated employee); *see also Shinaberry v. Town of Murfreesboro, N.C.*, No. 2:17-CV-7-D, 2018 WL 1801417, at *4 (E.D.N.C. Apr. 16, 2018) (applying North Carolina law to dismiss NIED claim based on intentional seizure of property); *Justice v. Dimon*, No. 3:10CV413, 2011 WL 2183146, at *6-7 (W.D.N.C. June 6, 2011) (applying North Carolina law to dismiss NIED claim based on intentional breach of contract).

The concept is straightforward in certain scenarios. For example, federal courts interpreting North Carolina law note with near uniformity that acts of discrimination and harassment, because they are inherently intentional, cannot form the basis of an NIED claim; such claims simply allege no negligent conduct.[1] The act at issue here – Santana announcing that

---

[1] *See, e.g.*, *Mitchell v. Lydall, Inc.*, 16 F.3d 410 (4th Cir. 1994) (per curiam) (table); *Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 573 (W.D.N.C. 2011); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 545 (E.D.N.C. 2008); *Barbier v. Durham County Bd. of Educ.*, 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002); *Thomas v. N. Telecom, Inc.*, 157 F. Supp. 2d 627, 638 (M.D.N.C. 2000); *McBride v. Monroe Crossing Owner, LLC*, No. 3:21CV637-GCM, 2022 WL 1446674, at *1 (W.D.N.C. May 6, 2022); *Fisher v. Frontline Nat'l*, No. 118CV00193MOCWCM, 2019 WL 1048848, at *4 (W.D.N.C. Mar. 5, 2019); *Barrow v. Branch Banking & Tr. Co.*, No. 316CV00675RJCDCK, 2017 WL 4124180, at *3 (W.D.N.C. Sept. 18, 2017); *Hall v. Rockingham Cnty.*, No. 1:15CV938, 2016 WL 5400413, at *8 (M.D.N.C. Sept. 27, 2016); *Lingle v. Pain Relief Centers, P.A.*, No. 5:11-CV-168, 2013 WL 6732120, at *11 (W.D.N.C. Dec. 19, 2013); *Thomas v. Goodwill Indus. of the S. Piedmont, Inc.*, No. 3:13-CV-00005-MOC, 2013 WL 3816614, at *3 (W.D.N.C. July 22, 2013); *Reid v. Dalco Nonwovens,*

Redman must relocate – is described only as an intentional act: "Marcus Santana, the lead flight attendant, made a public announcement over the intercom, the clear intent of which was to imply that the passenger in seat 1A was fat." (Doc. No. 1, ¶ 6). Such allegations of intentional conduct are incompatible with negligence, and Redman cannot rest her negligence claim thereon.

By engaging in this line-drawing (as required by North Carolina law), the Court takes care not to prohibit Redman from pleading in the alternative. *See* Fed. R. Civ. P. 8(d)(2). Redman is free to so plead, but her "complaint and alleged facts must support that alternative claim." *Barrow v. Branch Banking & Tr. Co.*, No. 316CV00675RJC-DCK, 2017 WL 4124180, at *3 (W.D.N.C. Sept. 18, 2017) (Conrad, J.). Thus, where a plaintiff alleges only intentional conduct, her complaint and alleged facts cannot support a negligence claim. *See id; see also Justice*, 2011 WL 2183146, at *7 ("While the court recognizes that pleading matters in the alternative is permissible … simply re-labeling conduct that is intentional as negligent will not suffice without a plausible factual foundation"). Thus, without any allegation of negligent conduct, American Airlines and Santana are entitled to judgment as a matter of law.

Redman's action suffers from one final defect: she fails to properly allege severe emotional distress. To survive a motion for judgment on the pleadings, Redman must do more than simply invoke the words "severe emotional distress" – she must allege some "emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally

---

*LLC*, No. 5:13CV105-RLV, 2014 WL 3571711, at *6 (W.D.N.C. July 21, 2014); *Wilson v. Gaston Cnty.*, No. 3:13-CV-58-GCM, 2013 WL 1891276, at *4 (W.D.N.C. May 6, 2013); *Gauthier v. Shaw Grp., Inc.*, No. 3:12-CV-00274-GCM, 2012 WL 6043012, at *8 (W.D.N.C. Dec. 4, 2012); *Thomas v. Duke Univ.*, No. 3:11-CV-00387-W, 2012 WL 4753299, at *5 (W.D.N.C. Oct. 4, 2012); *McMahon v. Synthron, Inc.*, No. CIV. 1:05CV324, 2006 WL 149054, at *5 (W.D.N.C. Jan. 18, 2006).

6

recognized and diagnosed by professionals trained to do so." *Horne*, 228 N.C. App. at 149, 746 S.E.2d at 19-20; *see also Holleman v. Aiken*, 193 N.C. App. 484, 501, 668 S.E.2d 579, 590 (2008) (upholding dismissal of NIED claim because "plaintiff has failed to make any specific allegations as the nature of her 'severe emotional distress.'"). In her complaint, Redman recites a string of template harms: "injury, emotional distress, fright, pain, horror, anguish, and shock," (Doc. No. 1, ¶ 9), but she fails to explain how these harms manifested, and she offers no insight into the injuries she allegedly suffered.

In response to the instant motion, Redman invokes *Demarco v. Charlotte-Mecklenburg Hosp. Auth.*, 268 N.C. App. 334, 836 S.E.2d 322, 343 (2019), claiming that there the North Carolina Court of Appeals upheld a bare allegation of "severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety." (Doc. No. 8, at 8). That was far from *Demarco*'s only allegation, however; there, the plaintiff also alleged "'depression, stress, anxiety, unbridled fear, and emotional distress' which … manifested in other maladies such as loss of hair, sleeplessness, extreme exhaustion, decreased energy levels, and paranoia." *Demarco*, 268 N.C. App. at 343, 836 S.E.2d at 329. Redman appears to confuse *Demarco*'s facts with those of *Acosta v. Byrum*, 180 N.C. App. 562, 638 S.E.2d 246 (2006), in which the North Carolina Court of Appeals upheld an NIED claim alleging "severe emotional distress, humiliation and mental anguish," because, according to the *Acosta* court, "[that] allegation alone, when combined with [plaintiff's] other factual claims, placed defendant on notice of the nature and basis of plaintiff's claim." *Id.* at 570, 638 S.E.2d at 252 (cleaned up).

Fortunately, the North Carolina Court of Appeals recently addressed *Horne*, *Holleman*, and *Acosta*'s apparent inconsistencies in *Cauley v. Bean*, 282 N.C. App. 443, 871 S.E.2d 870 (2022). There, the court clarified that even where a defendant may have notice of the nature and

7

Case 3:22-cv-00515-RJC-DCK   Document 10   Filed 07/26/23   Page 7 of 11

basis of a plaintiff's claim, "under *Holleman* and *Horne*, without any factual allegations regarding the type, manner, or degree of severe emotional distress she claims to have experienced, we are constrained to hold that Plaintiff's complaint fails to state a valid claim for NIED." *Id.* at 451, 871 S.E.2d at 876. Thus, because Redman's complaint is "devoid of factual allegations regarding the type, manner, or degree of severe emotional distress she claims to have experienced," she too fails to establish her NIED claim. *Id.*, 871 S.E.2d at 876.

Therefore, because Redman alleges neither negligent conduct, nor a duty owed to her by American Airlines or Santana, nor severe emotional distress, American Airlines and Santana are entitled to judgment as a matter of law on her claim for negligent infliction of emotional distress.

**B.     Redman's Intentional Infliction of Emotional Distress Claim Fails**

To state a claim for intentional infliction of emotional distress ("IIED") under North Carolina law, a plaintiff must allege "1) extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress." *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). Whether the plaintiff alleged "severe emotional distress" and whether conduct could reasonably be considered "extreme and outrageous" are both questions of law. *See id.* at 85, 414 S.E.2d at 28; *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493-94, 340 S.E.2d 116, 122-23 (1986).

The standard under which conduct becomes unlawful is a demanding one. In fact, North Carolina courts impose liability for IIED "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan*, 79 N.C. App. at 493, 340 S.E.2d at 123 (quoting Restatement (Second) of Torts, § 46 comment (d) (1965)). Accordingly, liability for IIED "clearly does not extend to mere insults, indignities, threats," and

though plaintiffs will find some such insults and indignities distasteful, they must be "hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate or unkind." *Id.*

Redman's allegation involves a single implication about her weight. That subtextual remark falls short of the type of "extreme and outrageous" conduct for which the law provides remedy – as this Court has observed, "[t]here is no occasion for the law to intervene in every case where some one's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam." *Boggess v. Roper*, No. 3:04CV92, 2006 WL 2569206, at *7 (W.D.N.C. Sept. 1, 2006) (Conrad, J.) (quoting *Hogan*, 79 N.C. App. at 493, 340 S.E.2d at 123). *Cf. Radcliffe v. Avenel Homeowners Ass'n, Inc.*, 248 N.C. App. 541, 565, 789 S.E.2d 893, 910 (2016) (holding "multi-year systematic pattern of harassment, intimidation, and abuse" could constitute extreme and outrageous behavior, as compared to "isolated incidents of insults.").[2]

Admittedly, "[t]he rough edges of our society are still in need of a good deal of filing down," *Hogan*, 79 N.C. App. at 493, 340 S.E.2d at 123, and the legal process is one tool society will use to polish out its imperfections. Here, however, the indignities Redman suffered are not

---

[2] Redman argues that the wealth of North Carolina law carving isolated insults from the definition of extreme and outrageous conduct is inapposite because Santana "held a position of control in the aircraft." (Doc. No. 8, at 7). North Carolina courts do consider "unfair power relationship[s]" in IIED claims based on sexual harassment, *Guthrie*, 152 N.C. App. at 23, 567 S.E.2d at 409, but the same courts have also rejected non-sexual IIED claims where the defendant exercised a degree of control over the plaintiff. *See, e.g.*, *Ausley v. Bishop*, 133 N.C. App. 210, 221, 515 S.E.2d 72, 80 (1999) (holding employee failed to establish IIED claim for employer's misdeeds); *Best v. Duke Univ.*, 112 N.C. App. 548, 556, 436 S.E.2d 395, 401 (1993), *aff'd in part, rev'd on other grounds*, 337 N.C. 742, 448 S.E.2d 506 (1994) (holding citizen failed to establish IIED claim against officers who handcuffed and arrested him in front of coworkers). Santana's relative control over Redman, while pertinent, is far from controlling here.

so extreme and atrocious as to constitute intentional infliction of emotional distress, and thus, American Airlines and Santana are entitled to judgment as a matter of law.

Redman's complaint fails in one final measure: she alleges no severe emotional distress stemming from those activities she alleges to be intentional. (Doc. No. 1, ¶¶ 10-12). As it is to her claim for negligent infliction of emotional distress, such failure is fatal to Redman's claim for intentional infliction of emotional distress. *See Cauley*, 282 N.C. App. at 451, 871 S.E.2d at 876; *Moschos v. Moschos*, 287 N.C. App. 162, 167, 882 S.E.2d 401, 404 (2022) (upholding trial court's dismissal of IIED claim because the "allegations fail to identify a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so, and fail to allege sufficient facts concerning the type, manner, or degree of severe emotional distress Plaintiff claims to have experienced.").

Therefore, because Redman alleges neither extreme and outrageous conduct nor severe emotional distress, American Airlines and Santana are entitled to judgment as a matter of law on her claim for negligent infliction of emotional distress.

### C. Redman's Respondeat Superior Claim Fails

Vicarious liability necessarily rests on an underlying cause of action, and once that underlying action fails, claims for vicarious liability fail with it. *Berkeley Fed. Sav. & Loan Ass'n v. Terra Del Sol, Inc.*, 111 N.C. App. 692, 708-09, 433 S.E.2d 449, 458 (1993). Because Redman's underlying causes of action – negligent and intentional infliction of emotional distress – both fail, so too does her claim for vicarious liability.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Judgment on the Pleadings, (Doc. No. 4), is **GRANTED**.

Signed: July 25, 2023

Robert J. Conrad, Jr.
United States District Judge